IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **ADT LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | |
| | § | CASE NO. _____ |
| **KAMALA RICHMOND AND DARRYL** | § | |
| **RICHMOND, INDIVIDUALLY AND AS** | § | |
| **NEXT FRIEND OF D.R., J.R. and E.R.,** | § | |
| **MINORS,** | § | |
| | § | |
| **Defendants.** | § | |

### PETITION FOR ORDER COMPELLING ARBITRATION
### PURSUANT TO SECTION 4 OF THE FEDERAL ARBITRATION ACT

ADT LLC ("ADT") moves under the Federal Arbitration Act, 9 U.S.C. § 1 et seq., and its written agreement with customer Kamala Richmond for an order requiring her and her family to arbitrate any dispute they may have against ADT. The disagreement before the Court relates only to what procedure the parties have agreed to follow to efficiently resolve the dispute between them. The dispute came about because a former ADT service technician abused the access ADT bestowed him and improperly accessed customer accounts without the customers' permission. As soon as ADT discovered this, the unauthorized access was revoked, ADT immediately began an internal investigation, the technician was terminated, and ADT immediately reported him to law enforcement.

Because the Richmonds have now sued ADT in Dallas County state court, a dispute or controversy exists regarding the appropriate forum to resolve ADT's controversy with the Richmonds. The parties' agreement makes clear that action in state court is improper because the next step following informal dialogue toward resolution is arbitration, which they both agreed "is a dispute-resolution process that does not involve a judge or jury [where] disputes are decided by

a neutral third-party arbitrator in a process that is less formal than court." *See* Residential Services Contract ("Contract") ¶ 7, attached as **Exhibit A** (App. at 9). ADT therefore requests that this Court honor this choice and compel arbitration and enjoin defendants from suing ADT in state court.

## PARTIES

1. Plaintiff ADT is an alarm services company that provides residential and commercial alarm monitoring and home automation services to customers nationwide. ADT is a Delaware limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in Boca Raton, Florida. ADT LLC's sole member is The ADT Security Corporation, a Delaware corporation with its principal place of business located in Boca Raton, Florida. Under 28 U.S.C. § 1332(c)(1), The ADT Security Corporation is a citizen of Delaware and Florida. ADT LLC is therefore a citizen of Delaware and Florida. ADT is not, and was not at the time of the filing, a citizen of the State of Texas within the meaning of the Acts of Congress relating to 28 U.S.C. § 1332(c)(1).

2. Defendant Kamala Richmond is an individual of the full age of majority, a resident of Tarrant County, Texas, and is a citizen of Texas.

3. Defendant Darryl Richmond is an individual of the full age of majority, a resident of Tarrant County, Texas, and is a citizen of Texas.

4. Minor defendants are the sons of Defendants Kamala and Darryl Richmond residing in Tarrant County, Texas. The Defendants are hereinafter referred to collectively as "the Richmonds."

## JURISDICTION AND VENUE

4.  This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.[1]

5.  This Court is authorized to hear this Petition pursuant to § 4 of the Federal Arbitration Act (the "FAA"), 9 U.S.C. § 4, which allows a party seeking arbitration to file a petition in federal district court.

6.  Venue is proper in this district and division because the parties entered into the Contract containing the arbitration agreement in Tarrant County, Texas.

7.  A true and correct copy of the Residential Services Contract Ms. Richmond executed with ADT is attached hereto and incorporated by reference as **Exhibit A**.

8.  Venue is also proper pursuant to 9 U.S.C. § 4, because Ms. Richmond agreed to arbitrate pursuant to the Rules of the Judicial Arbitration and Mediation Services ("JAMS"). Arbitration will take place at JAMS Dallas Resolution Center located at 8401 N Central Expy #610, Dallas, Texas 75225.

## FACTUAL BACKGROUND

9.  This case involves a former employee's abuse of access that ADT bestowed him by registering his personal email address to add himself as a user to 220 customers' ADT accounts, then misusing these credentials to gain unauthorized access to customer ADT site apps for the

---

[1] ADT does not concede that Ms. Richmond is entitled to a recovery in excess of $75,000.00; however, for purposes of diversity jurisdiction, allegations of the type and amount of damages sought in a state court proceeding are relevant to establish the amount in controversy for a given dispute. Here, the extensive damages Ms. Richmond seeks in her state court Complaint (attached as **Exhibit B**), make clear that she believes she is entitled to recover in excess of $75,000 from ADT as she has asserted at least eight different categories of damages for each of her five family members. *See generally* State Court Complaint (**Ex. B**) (App. at 14-33).

purpose of viewing customers in their homes through system cameras. ADT has over 2,000,000 Pulse customers and over the 10-year period since ADT Pulse existed has never had an employee abuse access privileges in this fashion, or in any fashion.

10. On June 26, 2020, the Richmonds sued ADT and its former employee Telesforo Aviles in Dallas County, Texas. *See* State Court Complaint (**Ex. B**) (App. at 14-33).

11. Ms. Richmond brought a Breach of Contract cause of action against ADT based on the parties' Contract for alarm services. State Court Complaint ¶¶ 7.1-7.8 (**Ex. B**) (App. at 25-26).

12. According to the state court action against ADT, the parties "entered into a valid and enforceable agreement with ADT to install and maintain a security system in the Richmond home and agreed to pay money for such services." State Court Complaint ¶ 7.2 (**Ex. B**) (App. at 25).

13. Ms. Richmond alleges ADT breached its Contract by "failing to acknowledge the inherent vulnerability in the ADT security system." State Court Complaint ¶ 7.5 (**Ex. B**) (App. at 25).

14. Specifically, Ms. Richmond seeks past and future damages for (a) costs of medical care and treatment; (b) mental anguish and suffering; (c) cost of replacement security devices; (d) cost of additional surveillance and protective devices and services; (e) the time spent monitoring and addressing the current and future consequences of the exposure enabled by ADT; (f) attorneys' fees; (g) prejudgment and postjudgment interest, and (h) exemplary and/or treble damages. *See, e.g.*, State Court Complaint ¶¶ 6.13, 7.8, 8.4, 9.8, 10.8, 11.8 (**Ex. B**) (App. at 25-26, 28, 30-31).

15. By suing ADT in Texas State Court, Ms. Richmond violated her agreement with ADT to arbitrate any dispute she may have with ADT and has therefore necessitated the filing of this petition.

16. Darryl Richmond and the minor children were not signatories to the ADT Contract, but because their claims all arise out of the contractual services ADT provided, they can be compelled to arbitrate. *See In re Weekly Homes, L.P.*, 18 S.W.3d 127, 132-33 (Tex. 2005); *In re Morgan Stanley & Co., Inc.*, 293 S.W.3d 182, 184 n.2 (Tex. 2009) (a "person who has not agreed to arbitrate may nevertheless be compelled to do so when the person 'seeks, through the claim, to derive a direct benefit from the contract containing the arbitration provision.'").

17. The Contract's arbitration agreement requires Ms. Richmond to arbitrate "any and all disputes" she has with ADT. *See* Contract ¶ 7 (**Ex. A**) (App. at 9). This agreement makes clear that Ms. Richmond agreed to "a dispute-resolution process that does not involve a judge or jury [where] disputes are decided by a neutral third-part arbitrator in a process that is less formal than court." *Id*.

18. ADT's counsel has attempted on multiple occasions to contact the Richmonds' attorneys by telephone and e-mail correspondence, including most recently on July 9, 2020. *See* E-mail correspondence from C. Eblen to T. Machi and R. Wangler dated July 9, 2020, attached as **Exhibit C** (App. at 34-37). To date, the Richmonds' attorneys have declined to respond or otherwise engage in discussions with ADT's attorneys.

### PETITION TO COMPEL ARBITRATION AS TO CLAIMS AGAINST ADT

19. ADT reiterates the allegations contained in Paragraphs 1 through 18, as if they had been fully set forth herein.

20. The Richmonds' state court lawsuit against ADT represents a controversy between ADT and the Richmonds pertaining to or arising out of Ms. Richmond's relationship with ADT.

21. The arbitration agreement in the Contract is governed by the Federal Arbitration Act ("FAA"). *See* Contract ¶ 7 (**Ex. A**) (App. at 9) ("Because my transaction(s) with ADT involves interstate commerce, this Arbitration Agreement and any Dispute arbitrated hereunder shall be governed by the Federal Arbitration Act ("FAA")").

22. The Contract constitutes a "contract evidencing a transaction involving [interstate] commerce" as it was entered into and performed by and between Ms. Richmond, a citizen of Tarrant County, Texas, and ADT, a Delaware limited liability company with its principal place of business in Florida. *See* 9 U.S.C. § 2. Thus, pursuant to the FAA, the arbitration agreement in the Contract is valid and enforceable.

23. The scope of the arbitration agreement is broad, encompassing "all claims and controversies arising from this Agreement; sales activities; goods and services; advertisements; promotions and other statements; billing and collection practices; *privacy*; and any other dispute" arising from Ms. Richmond's interaction with ADT. *See* Contract ¶ 7 (**Ex. A**) (App. at 9) (emphasis added).

24. As such, any dispute the Richmonds have with ADT – as outlined in their State Court Complaint – fall within the scope of the Contract's arbitration agreement.

25. Despite her express agreement to arbitrate, Ms. Richmond filed suit in Dallas County, Texas. By suing ADT in Texas State Court, the Richmonds have evidenced an unwillingness to arbitrate their disputes with ADT and is therefore in breach of the arbitration agreement in the Contract.

26. On July 21, 2020, the Richmonds, through counsel, were notified of and provided an as-filed copy of this Petition. This commenced the five-day notice required by 9 U.S.C. § 4, which will expire prior to any hearing on this Petition, therefore satisfying the notice provision of 9 U.S.C. § 4. *See, e.g.*, *Mariner Healthcare, Inc. v. Green*, No. 4:04-CV-246, 2005 WL 1683554 (N.D. Miss. Jul. 19, 2005) ("This court agrees with the federal courts which have interpreted the notice provision in the FAA as requiring the party opposing arbitration to be given five days' notice before a *hearing* is held regarding an application for arbitration.") (collecting cases) (emphasis in original).

**WHEREFORE**, and for the foregoing reasons, ADT respectfully requests that this Court expeditiously and in summary fashion in accordance with § 4 of the FAA:

(1) Issue an order pursuant to 9 U.S.C. § 4, compelling the Richmonds to proceed with arbitration of any and all claims they may have against ADT;

(2) Issue an order staying any and all litigation in *Darryl Richmond and Kamala Richmond et al. v. ADT, LLC et al.*, Case No. DC-20-08794, 191st Judicial District, Dallas County, Texas, until resolution of the arbitration between the Richmonds and ADT; and

(3) Issue such other and further relief that this Court deems just and proper.

Dated: July 21, 2020.                                    Respectfully submitted,

                                              HARTLINE BARGER LLP

By: */s/ Brian Rawson*
    Brian Rawson
    Texas Bar No. 24041754
    brawson@hartlinebarger.com
    Roy McKay
    Texas Bar No. 24071171
    rmckay@hartlinebarger.com
    Holly Naehritz
    Texas Bar No. 24083700
    hnaehritz@hartlinebarger.com
    HARTLINE BARGER LLP
    8750 North Central Expy, Suite 1600
    Dallas, Texas 75231
    Telephone (214) 369-2100

    and

SHOOK, HARDY & BACON LLP

    Charles Eblen (*pro hac vice forthcoming*)
    Jason Scott (*pro hac vice forthcoming*)
    SHOOK, HARDY & BACON LLP
    2555 Grand Blvd.
    Kansas City, MO 64108
    Telephone (816) 474-6550
    Email: ceblen@shb.com
    Email: jscott@shb.com

*Attorneys for Plaintiff ADT LLC*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 21st day of July, 2020, the foregoing was presented to the Clerk of Court for filing and uploading to the CM/ECF system, and for service upon following counsel of record:

Ryan Wangler
Texas Bar No. 24118215
Machi & Associates, P.C.
1521 North Cooper Street, Suite 550
Arlington, Texas 76011
Tel. (817) 335-8880
Fax (817) 275-6660
rwangler@tedmachi.com

*Attorney for the Richmonds*

                                            */s/ Brian Rawson*
                                            Brian Rawson