IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ADT, LLC, | § |
| | § |
| Plaintiff, | § |
| v. | § |
| | §    CASE NO. 4:20-CV-00759-O |
| KAMALA RICHMOND AND DARRYL | § |
| RICHMOND, INDVIDUALLY AND AS | § |
| NEXT FRIEND OF D.R., J.R., and E.R., | § |
| MINORS, | § |
| | § |
| Defendants. | § |

**DEFENDANTS' SUPPLEMENTAL BRIEF RE SUBJECT MATTER JURISDICTION**

COMES NOW Defendants Kamala and Darryl Richmond, individually and as next friend of their three minor children (collectively "the Richmonds") with their Supplemental Brief re Subject Matter Jurisdiction in Support of their Response to Plaintiff's Motion for Summary Judgment to Compel Arbitration and states as follows:

**INTRODUCTION**

Following briefing of ADT's Motion for Summary Judgment seeking an Order compelling arbitration in this case, the Court issued its November 13, 2020 Order requesting supplemental briefing on the issue of subject matter jurisdiction. The Court noted two issues of interest. The first issue involves whether the presence of the non-diverse defendant in the state court action destroys diversity jurisdiction. The second involved the amount in controversy. The Richmonds do not deny the amount in controversy exceeds this Court's jurisdictional limits. Therefore, only complete diversity is at issue. To that point, this Court should follow U.S.

Supreme Court and Fifth Circuit precedent and use the "look through" test to determine that it does not have subject matter jurisdiction because the parties in the underlying suit are not completely diverse.

## BACKGROUND

ADT, through its employee technician Telesforo Aviles, hacked into ADT security cameras inside the Richmonds' home. ADT told the Richmonds that Aviles spied on the Richmonds through those security cameras 117 separate times over a 42-day period beginning in June 2018. ADT claimed they did not know what Aviles had seen, but the Richmonds, including their three children, were subjected to this sustained Peeping Tom campaign without their consent during their most private and intimate moments in their home. ADT admits it allowed this behavior by Aviles in more than 220 households over at least a seven-year period. Aviles has admitted in writing in federal criminal court to accessing customer video feeds for the purpose of sexual gratification. *Exhibit 1, Factual Resume.*

## 1. This Court should Look Through to the Underlying State Court Action to Determine whether Complete Diversity Exists

This Court should follow Supreme Court and Fifth Circuit precedent regarding jurisdictional issues involving petitions to arbitrate under 9 U.S.C. § 4. Because the Federal Arbitration Act does not independently bestow federal jurisdiction, the U.S. Supreme Court set forth the "look through" test for such jurisdictional issues. *Vaden v. Discover Bank*, 556 U.S. 49 (2009). The "look through" test requires the district court to look at the state court pleadings to determine whether subject matter jurisdiction exists. *Id.* at 53. This means a district court can

only compel arbitration if it would have jurisdiction over the entire actual controversy as it was framed by the parties in state court. *Id.* at 66. Though the specific issue in *Vaden* was one of federal question jurisdiction, the Fifth Circuit has adopted the same test for other jurisdictional issues, stating "*Vaden*'s holding necessarily implies that any of the reasons that a federal court may lack subject matter jurisdiction over the underlying dispute . . . would similarly prevent a district court from having jurisdiction to compel arbitration." *Lower Colo. River Auth. V. Papalote Creek II, L.L.C.*, 858 F.3d 916, 923 (5th Cir. 2017). As a practical matter here, this means that this Court lacks jurisdiction if ADT could not remove the state case to federal court. Because ADT's codefendant in the state case, Telesforo Aviles, is a Texas resident and the Richmonds are Texas residents, complete diversity does not exist, and ADT could not have removed the claim if it wanted to do so. Accordingly, this Court now lacks subject matter jurisdiction and should dismiss ADT's petition and deny its Motion to Compel Arbitration.

Further, ADT in its supplemental brief should be barred from arguing the "look through" doctrine both ways. Out of one side of its mouth, ADT demands the "look through" test should be cast aside when it comes to the issue of complete diversity. Yet, ADT argues from the other side of its mouth when it comes to the amount in controversy, demanding the Court must "look through" to the state court pleading to determine the amount in controversy. This is not to belabor the conceded amount-in-controversy issue, but rather to say that one does not get to pick and choose the "look through" test only when it suits one, as ADT has attempted here.

## 2. ADT Failed to Meet its Burden to Establish Subject Matter Jurisdiction even if this Court Adopts the Eighth Circuit Approach.

ADT shoulders the burden to establish subject matter jurisdiction. *Volvo Trucks N. Am., Inc. v. Crescent Ford Truck Sales, Inc.*, 666 F.3d 932, 935 (5th Cir. 2012). Should this Court find compelling ADT's argument to toss away the "look through" test for determining complete diversity, as the Eighth Circuit has done, ADT has still failed to meet its burden of proving Aviles is a dispensable party here. After citing F.R.C.P. 19(b) factors for what constitutes an indispensable party, ADT merely makes bold conclusory statements that Aviles is not indispensable to its petition to arbitrate. Stating that Aviles is not indispensable does not make it so, and ADT has failed to prove or even state a coherent reason as to why Aviles is dispensable. Because it was ADT's burden to prove subject matter jurisdiction, its Motion and Petition must fail.

Moreover, it seems clear Aviles is in fact indispensable to the Richmonds' claims. Aviles' conduct as agent and employee of ADT and ADT's failure to protect its customers from its own employees make these claims impossible to disentangle. All of the claims against Aviles are also claims against ADT via *respondeat superior*. There is no way to separate them. A judgment rendered in Aviles' absence will necessarily prejudice the Richmonds because the true horror of what ADT has done, and allowed to be done, to the Richmonds only comes to light in Aviles' presence. That prejudice cannot be lessened or avoided by any protective provisions, shaping of relief, or any other measures. Any judgment rendered in Aviles' absence will be inadequate because it would fail to reflect the seriousness of ADT's acts, through Aviles, and its glaring omissions. Finally, if this action is dismissed, ADT will still have the full extent of any

remedies it would have had in this Court (*e.g.*, it can just as easily, and should have, moved the state court if it wishes to continue pursuing arbitration.

WHEREFORE, Defendants the Richmonds seek an Order DENYING ADT's Motion for Summary Judgment on ADT's Petition to Compel Arbitration and DISMISSING ADT's Petition in this matter.

Respectfully submitted,

Machi & Associates, P.C.
1521 North Cooper Street, Suite 550
Arlington, Texas 76011
Tel. (817) 335-8880
Fax. (817) 275-6660
rwangler@tedmachicom

By: _____

**Ryan Wangler**
State Bar No. 24118215
**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I, the undersigned counsel, hereby certify that on this 2nd day of December 2020, a true and correct copy of the foregoing document was served on counsel of record as follows:

Brian Rawson
Roy McKay
Holly Naehritz
HARTLINE BARGER, LLP
8750 North Central Expy., Suite 1600
Dallas, Texas 75231
Telephone (214) 369-2100

and

Charles Eblen
Jason Scott
SHOOK, HARDY & BACON LLP
2555 Grand Blvd.
Kansas City, MO 64108
Telephone (816) 474-6550
Email: ceblen@shb.com
Email: jscott@shb.com

___ Hand Delivery
___ Facsimile
___ Certified Mail, Return Receipt Request
___ E-mail
___ Overnight mail
_x_ CM/ECF
___ Regular, First Class Mail

Ryan Wangler