IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **ADT LLC,** | ) | **CASE NO. 20-CV-00759-O** |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| | ) | |
| **KAMALA RICHMOND AND DARRYL RICHMOND, INDIVIDUALLY AND AS NEXT FRIEND OF D.R., J.R. and E.R., MINORS,** | ) ) ) ) | |
| | ) | |
| **Defendants.** | ) | |

### ADT LLC'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON <u>ADT LLC'S PETITION TO COMPEL ARBITRATION</u>

Plaintiff ADT LLC ("ADT"), by and through undersigned counsel, submits this Notice of Supplemental Authority to bring to the Court's attention the December 30, 2020 Order entered by Judge Raag Singhal in *Preddy v. ADT, LLC*, Case 0:20-cv-60971 (S.D. Fla. December 30, 2020).[1] A copy of the Order is attached as Exhibit A.

In *Preddy*, Judge Singhal granted ADT's motion to compel arbitration under the doctrine of direct-benefits estoppel. Plaintiff Alexia Preddy lived in a home in Texas with her mother who had contracted with ADT for the Pulse home alarm service. The Contract between Ms. Preddy's mother and ADT contained the same arbitration clause as Ms. Richmond's Contract. After ADT notified Ms. Preddy's mother of Telesforo Aviles' unauthorized conduct, Ms. Preddy filed a class action lawsuit against ADT and Mr. Aviles. In response, ADT moved to dismiss or, alternatively, to compel arbitration in accordance with the Contract signed by Ms. Preddy's mother. Moving to

---

[1] The *Richmond* and *Preddy* cases are two of four lawsuits filed against ADT by customers based on the unauthorized conduct of its former service technician.

1

compel arbitration, ADT argued that under direct-benefits estoppel, Ms. Preddy – even though a non-signatory to her mother's contract with ADT – was nevertheless bound by the arbitration clause. Applying *Texas law*, the Southern District agreed and compelled Ms. Preddy to arbitrate with ADT.[2] The court also held that the case was subject to arbitration and, as a result, stayed the case pending arbitration.

The *Preddy* court observed that under Texas law, direct-benefits estoppel can bind a non-signatory to an arbitration agreement in two ways. The doctrine may apply when the non-signatory's claims arise solely from the contract, and when the non-signatory deliberately seeks and obtains direct and substantial benefits from the contract containing the arbitration clause. *Preddy* at pg. 6, citing *SIG-TX Assets, LLC v. Serrato*, 2019 WL 1771301, at *3 (Tex. App. Apr. 23, 2019). The court held broadly that both grounds applied. First, the court concluded that Ms. Preddy's claims against ADT arose directly from ADT's obligations under the contract, noting "[p]laintiff's claims cannot be resolved without reference to ADT's duties under the contract. . . . Plaintiff's claims relate directly to the contract to install a home security system and [p]laintiff is bound by its terms." *Preddy* at pp. 7-8. Second, the court required Ms. Preddy to arbitrate because she deliberately sought and obtained benefits from the contract. According to Judge Singhal, because the plaintiff was "an authorized user of the Pulse security system that was installed in the home where she lived," she directly benefitted from the service agreement between her mother and ADT, and was bound by the agreement's arbitration clause. *Preddy*, at pp. 8-9.

---

[2] In *Preddy,* the Southern District of Florida applied the *lex loci contractus* choice of law doctrine and considered where the ADT contract was executed. Because the making of the contract, the installation of the Pulse alarm system, and the unauthorized access all occurred in Texas, the court applied Texas law to the arbitrability issue. *Preddy* at pg. 5.

The Court should reach the same result here. Like *Preddy,* this case is subject to arbitration. Also, under direct-benefits estoppel, all of the Richmonds should be compelled to arbitrate their claims against ADT. The Richmonds each claim ADT owed them a duty to ensure the security system it provided under the Contract was safe and secure. Clearly, these claims arise directly from ADT's obligations under Ms. Richmond's Contract with ADT. Also, the Richmonds received a direct benefit from the Contract. The security alarm services provided under the Contract protected the home in which each of them lived for the duration of the Contract.

Dated: January 7, 2021								Respectfully submitted,

										HARTLINE BARGER LLP

									By: */s/ Brian Rawson*
										Brian Rawson
										Texas Bar No. 24041754
										brawson@hartlinebarger.com
										Roy McKay
										Texas Bar No. 24071171
										rmckay@hartlinebarger.com
										Holly Naehritz
										Texas Bar No. 24083700
										hnaehritz@hartlinebarger.com
										HARTLINE BARGER LLP
										8750 North Central Expy., Suite 1600
										Dallas, Texas 75231
										Telephone (214) 369-2100

										And

										SHOOK, HARDY & BACON LLP

										Charles Eblen (*PHV*)
										Jason Scott (*PHV*)
										SHOOK, HARDY & BACON LLP
										2555 Grand Blvd.
										Kansas City, MO 64108
										Telephone (816) 474-6550
										Email: ceblen@shb.com
										Email: jscott@shb.com

										*Attorneys for Plaintiff ADT LLC*

3

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 7th day of January 2021, the foregoing was presented to the Clerk of Court for filing and uploading to the CM/ECF system, and for service upon following counsel of record:

Ryan Wangler
Texas Bar No. 24118215
MACHI & ASSOCIATES, P.C.
1521 N. Cooper Street, Suite 550
Arlington, Texas 76011
Tel. (817) 335-8880
Fax (817) 275-6660
rwangler@tedmachi.com

*Attorney for the Richmonds*

 */s/ Brian Rawson*
Brian Rawson